UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT CHACON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-2184 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## OPINION ON DISMISSAL

Petitioner Robert Chacon, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2009 state felony conviction for aggravated sexual assault of a child by contact. As explained below, the Court will dismiss the petition because it is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

### I.   PROCEDURAL HISTORY

On January 12, 2009, the 182nd Criminal District Court of Harris County, Texas, accepted Petitioner's negotiated guilty plea to aggravated sexual assault of a child by contact (Cause No. 1143832), found him guilty of the same and, in accordance with the plea agreement, sentenced him to ten years imprisonment. *See Chacon v. State of Texas*, No. 01-09-00130-CR, 2010 WL 1839947, at *1-2 (Tex. App.—Houston [1st Dist.], May 6, 2010) (not designated for publication). Despite waiving his right of appeal as part of his plea bargain, Petitioner filed a timely *pro se* notice of appeal and the trial court appointed appellate counsel for him. *Id.* at *3.

In dismissing the appeal, the Court of Appeals for the First District of Texas made the following findings regarding Petitioner's plea proceedings:

> Appellant and his trial counsel signed a waiver of constitutional rights, an agreement to stipulate to evidence, and a judicial confession providing, among other things, that appellant pleaded guilty to the charged offense in exchange for the State's punishment recommendation of ten years confinement. Appellant also waived his right to appeal upon the trial court accepting the plea agreement. The trial court, after determining that appellant entered the plea knowingly and voluntarily and that appellant's trial counsel was competent, accepted the plea agreement. The trial court admonished appellant, and appellant and appellant's trial counsel [both] signed the admonishments. The trial court entered judgment in accordance with the plea agreement and stated in its judgment, "Appeal Waived. No Permission to Appeal Granted."
>
> After the trial court sentenced appellant in accordance with the plea agreement, the trial court certified that this case "is a plea-bargain case, and the defendant has NO right of appeal." Nevertheless, appellant subsequently filed a pro se notice of appeal, and the trial court appointed appellant's appellate counsel, who has filed the above-described *Anders* brief, in which she notes that the trial court has correctly certified that appellant has no right to appeal.

*Id.* at *3-4. Based on these findings the appeals court concluded that "the trial court's certification that this case is a plea bargain case and that appellant has no right of appeal is supported by the record and is correct." *Id*. at 4 (citing Tex. R. App. P. 25.2(a)(2)). Accordingly, the Texas First Court of Appeals dismissed the appeal "without further action" on May 6, 2010. *Id*. (citing *Chaves v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)).

Following the dismissal of his appeal, Petitioner filed a timely petition for discretionary review with the Texas Court of Criminal Appeals on August 4, 2010.[1] That petition was refused on November 10, 2010.[2] Petitioner did not file a petition for writ of certiorari with the United

---

[1] http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=274188 (viewed Apr. 24, 2014).

[2] Id.

States Supreme Court and the time to do so expired on February 9, 2011, ninety days after the petition for discretionary review was refused.

On September 30, 2011, Petitioner filed his first post-conviction writ in the state district court (Cause No. 11438320101A).[3] On June 5, 2013, the Texas Court of Criminal Appeals denied the petition on the trial court's findings without a written order or hearing.[4] Petitioner executed his present federal petition for writ of habeas corpus on June 14, 2013. (Docket No. 1 at 10.) On January 17, 2014, the Court directed Petitioner to file a written statement addressing the limitations period under AEDPA and equitable tolling. (Docket No. 6.) In response, Petitioner contends that his petition is timely because his conviction did not become final until ninety days after the denial of his petition for discretionary review, when the time expired to file a petition for writ of certiorari in the United States Supreme Court, and because the limitations period was tolled during the pendency of his state habeas petition. (Docket Nos. 9-10.) Petitioner does not offer any argument regarding equitable tolling. (Id.)

## II.  ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of –

---

[3] Docket available at Harris County District Clerk website. www.hcdistrictclerk.com (viewed May 5, 2014).

[4] http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=294552 (viewed May 5, 2014).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period under AEDPA became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).

Because the present petition was filed well after the enactment of AEDPA, its one-year limitations period clearly applies to Petitioner's claims. *Id.* at 198. Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Thus, the Court may properly determine at the outset whether the present petition is timely or not before directing an answer from respondent.

III.  DISCUSSION

A.  Start of the Limitations Period

The Fifth Circuit has explained that convictions become final for the purposes of § 2244(d)(1)(a) "'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.'"  *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L.Ed.2d 236 (1994)).  Because Petitioner waived his right of direct appeal as part of his guilty plea and his punishment was in accordance with his plea bargain, he had no right to appeal without the trial court's permission.  Tex. R. App. P. 25.2(a)(2)(B); *see also Cleveland v. State*, 588 S.W.2d 942, 944 (Tex. Crim. App. 1979) (where defendant's punishment is in accordance with plea bargain, only matters raised and heard before trial are appealable without leave of the trial court).  Moreover, by waiving his right to direct appeal Petitioner also forfeited his right to petition the Supreme Court for certiorari because he could no longer obtain a judgment from the Court of Criminal Appeals.  *See Roberts*, 319 F.3d at 693 n. 14; *see also* 28 U.S.C. § 1257 (only final judgments of "highest court of a state" are reviewable on certiorari).  Therefore, Petitioner's conviction became final for AEDPA purposes immediately upon entry of his guilty plea on January 12, 2009, because that is when he became "unable to pursue further direct review" in Texas courts.  *Roberts*, 319 F.3d at 693; *see also* Tex. R. App. P. 66.1, 68.1 (Court of Criminal Appeals may only review a decision of a court of appeals).

Petitioner has not offered any support for his contention that his invalid attempts to directly appeal his conviction, despite clearly waiving his right to do so as part of his plea bargain, delayed the start of the limitations period under AEDPA.  To date, the Fifth Circuit has

not squarely addressed the question whether appeal proceedings that are dismissed pursuant to a valid appeal waiver constitute "direct review" under AEDPA, and there is no consensus on this issue among the federal district courts in Texas.[5]

In *Rodriguez v. Thaler*, No. V–09–28, 2010 WL 1558622 (S.D. Tex. April 15, 2010), a fellow district court in the Corpus Christi Division dismissed a petition for habeas corpus as untimely based on its finding that "the time for seeking direct review expired when Petitioner was sentenced [rather than thirty days later when the time to file a direct appeal expired] . . . as the record reflects that Petitioner voluntarily, knowingly, and intelligently waived his right to appeal his guilty plea." *Id*. at *3.  On appeal, the Fifth Circuit granted a request for certificate of appealability to consider "whether Rodriguez actually waived his right to appeal and . . . whether an appellate proceeding that results in a dismissal pursuant to the enforcement of an appeal waiver . . . constitute[s] 'direct review' under § 2244(d)(1)(A)." *Rodriguez v. Thaler*, 664 F.3d 952, 593 (5th Cir. 2011) (internal quotations omitted).  Based on its finding that Rodriquez had not properly waived his right to appeal because the waiver was not clearly expressed in the plea agreement and was not explicitly adopted by the sentencing court, the Fifth Circuit reversed and remanded the case without resolving the latter question. *Id*. at 954.  However, in a footnote the Court opined that the respondent's argument that where an appeal waiver exists a conviction becomes final immediately "would seem to require the habeas court to delve into the merits of a hypothetical appeal to determine the date by which a conviction becomes final for purposes of calculating AEDPA deadlines." *Id*. at 953 n. 1.  The Court went on to observe that "we have made clear in a related context that '[t]he merits of [a hypothetical post-conviction petition] are

---

[5] *See Galindo v. Thaler*, No. V–08–56, 2010 WL 774170 at *2 (S.D. Tex. Mar. 2, 2010). *But see Dye v. Director, TDCJ–CID*, No. 6: 11–CV–55, 2011 WL 7040457 at *3 (E.D. Tex. Dec. 15, 2011) (rejecting Director's argument and applying normal rule).

simply not germane to the analysis of whether the 'availability of direct appeal to the state courts . . . has been exhausted.'" *Id*. (quoting *Mark v. Thaler*, 646 F.3d 191, 194 (5th Cir. 2011).

Here, Petitioner does not dispute that he knowingly and voluntarily waived his right of appeal as part of his plea bargain, that he was specifically admonished regarding the waiver, and that the waiver was explicitly adopted by the sentencing court; thus, this case is clearly distinguishable from *Rodriguez*. Moreover, given Petitioner's clear waiver of his right to appeal, this case does not implicate the concerns expressed by the Fifth Circuit in *Rodriguez*. In this case there is no need to "delve into the merits of a hypothetical appeal" in order to determine the date by which Petitioner's conviction became final for AEDPA purposes. Instead, it is apparent from the face of the Petition and public court records that the availability of direct appeal to the state courts was foreclosed immediately upon Petitioner's sentencing, as demonstrated by the outcome of his direct appeals. And, despite being given an opportunity to do so, Petitioner has not offered any evidence to the contrary.

Furthermore, Petitioner has not shown that he was subjected to any state action that impeded him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Nor has Petitioner shown a newly recognized constitutional right upon which his petition is based, or a factual predicate for the claims that could not have been discovered previously. *See* § 2244(d)(1)(C)-(D). Although Petitioner's claims are based on evidence of which Petitioner denies having any knowledge prior to his guilty plea, Petitioner admits that this evidence could have been discovered earlier through the exercise due diligence, and states that he obtained it shortly after

his sentencing through a records request and through the Clerk's Record filed in his appeal.[6] (Pet. at 3.)

Thus, because the one year limitations period under AEDPA began in this case on January 12, 2009, the date of Petitioner's guilty plea, Petitioner's habeas petition is time-barred unless he can show that the limitations period can be tolled, either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.

B. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), a properly filed application for state post-conviction or other collateral review tolls the limitations period while the application is pending. However, because Petitioner's only state habeas application was filed on September 30, 2011, more than twenty months after the limitations period expired, it did not toll the limitations period here. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, Petitioner's claims are not subject to statutory tolling.

C. Equitable Tolling

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir.2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*,

---

[6] According to the docket of the Texas First Court of Appeals, the Clerk's Record was filed on March 3, 2009. *See* http://www.search.txcourts.gov/Case.aspx?cn=01-09-00130-CR (viewed May 5, 2014). Thus, even if the limitations period were calculated from the time Petitioner allegedly first became aware of this evidence his petition would still be untimely.

96 F.3d 124, 128 (5th Cir.1996)). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Ignorance of the law or excusable neglect is not a justification for equitable tolling, *Fierro v. Cockrell,* 294 F.3d 674, 682, and "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

In this case, Petitioner has not presented any argument for equitable tolling and there is no reason why strict application of the statute of limitations would be inequitable. Instead, equity demands that Petitioner be bound by the terms of his plea bargain. Petitioner does not offer any explanation for his insistence upon directly appealing his conviction despite clearly waiving his right of appeal as part of his plea bargain. Nor can Petitioner show that he was actively misled by Respondent or the courts, or that he was otherwise prevented in some extraordinary way from asserting his rights. In fact, well before the limitations period expired under AEDPA, Petitioner was repeatedly informed, both by the trial court and his own appellate counsel, that he had no right of direct appeal based on the terms of his plea bargain. Based on this information Petitioner could have simply dismissed his unauthorized direct appeal and filed a state habeas petition asserting his present claims, thereby tolling the limitations period under AEDPA.[7] Instead, Petitioner chose to continue with his unauthorized direct appeal for nearly

---

[7] According to the Texas First Court of Appeals, Petitioner's appellate counsel filed an *Anders* brief on August 17, 2009, agreeing with the trial court's certification that Petitioner had no right to direct appeal. *See* http://www.search.txcourts.gov/Case.aspx?cn=01-09-00130-CR

two years with predictable results. Because this delay was entirely of Petitioner's own making it is not grounds for equitable tolling.

Petitioner's assertion that newly discovered evidence shows his actual innocence is also unavailing. Petitioner alleges that, according to Child Protective Service (CPS) and Child Assessment Center (CAC) records Petitioner first learned about after his sentencing, the victim showed no physical signs of abuse and did not test positive for any sexually transmitted diseases (STDs) when examined several months after the last alleged assault. Petitioner contends that because he can show that he tested positive for several STDs prior to the assaults, in which he allegedly had repeated anal and vaginal intercourse with the victim, the victim's negative STD results prove his innocence. (Docket No. 2 at 3.) Petitioner states that had he known of this evidence he would not have accepted the plea bargain and would have proceeded to trial. (Docket No. 2 at 6-7.) Petitioner further contends that his trial counsel rendered ineffective assistance by not reviewing this evidence or informing Petitioner about it before encouraging him to accept the plea bargain. (Pet. at 6.)

The one-year limitations period under AEDPA contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. However, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). To establish the requisite probability of actually innocence to warrant tolling, a petitioner must support his allegations with new, reliable evidence showing

---

(viewed May 5, 2014). At that time, more than four months still remained on the limitations period under AEDPA.

that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner has not met this threshold here. As previously discussed, the evidence on which Petitioner's present claims are based is not newly discovered, but was available to Petitioner and his attorney at the time of his plea bargain.[8] Moreover, even assuming this evidence were new, it is not sufficiently exculpatory to warrant equitable tolling. Although potentially exculpatory, this evidence is essentially inconclusive and does not establish Petitioner's actual innocence.[9] In addition, Petitioner's theory relies upon numerous medical conclusions for which he offers reliable support.[10] Given these obvious shortcomings Petitioner cannot show that no reasonable juror would have convicted him in light of this evidence. Thus, the Court finds that Petitioner's claim of actual innocence is not persuasive and does not warrant equitable tolling in this case.

Because Petitioner has not carried his burden of showing that equitable tolling is warranted, his claims are barred under the governing one-year limitations period and his petition must be dismissed.

---

[8] Although Petitioner disputes the statement, Petitioner's trial counsel stated in his affidavit response to Petitioner's state habeas petition that he made Petitioner aware of all information discovered during his investigation of the case, that the CPS records could not be used to Petitioner's benefit, and that they did not alter his advice that Petitioner plead guilty. (Docket No. 2 at 7.)

[9] The fact that the victim tested negative for STDs could presumably also be explained by Petitioner's use of a condom or by myriad other factors.

[10] For instance, Petitioner offers only his own theories, based on information gathered from the internet, to support his conclusions about the communicability, incubation period, testing methods, and testing reliability for various STDs.

IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  When denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court determines that Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling here debatable.  Therefore, a certificate of appealability from this decision is denied; however, Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## V. CONCLUSION

Accordingly, the Court ORDERS that:

1. Petitioner's application for writ of habeas corpus is DENIED.

2. This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3. A certificate of appealability is DENIED, without prejudice to reconsideration by the court of appeals.

4. All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 14th day of July, 2014.

                                      MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE